UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF THE STATE OF WASHINGTON

| | |
|---|---|
| DEEP SEA FISHERMEN'S UNION OF THE PACIFIC, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE, NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, and NATIONAL MARINE FISHERIES SERVICE,<br><br>Defendants. | CASE NO.  2:21-cv-00452<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT** |

### I.   PARTIES, JURISDICTION AND VENUE

1.1   Plaintiff, Deep Sea Fishermen's Union of the Pacific ("DSFU" or "Union") is a Washington non-profit corporation.

COMPLAINT – Page 1
Case No.: 2:21-cv-00452

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

1.2 Defendant, the United States Department of Commerce ("Commerce"), is a department of the United States government and an "agency" within the meaning of 5 U.S.C. § 551(1).

1.3 Defendant, the National Oceanic and Atmospheric Association ("NOAA") is an agency with Commerce and an "agency" within the meaning of 5 U.S.C. § 551(1).

1.4 Defendant, the National Marine Fisheries Service ("NMFS") is a line office within NOAA and an "agency" within the meaning of 5 U.S.C. § 551(1).

1.5 This Court has original jurisdiction in this matter pursuant to 28 U.S.C. §1331 (federal question jurisdiction) as the claims in this matter arise under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

1.6 This Court also has jurisdiction to issue declaratory relief pursuant to 28 U.S.C. § 2201-2202.

1.7 Venue is proper in the United States District Court for the Western District of the State of Washington pursuant to 5 U.S.C. §552(a)(4)(B) because DSFU has its principal place of business in this judicial district.

1.8 Plaintiff has exhausted its administrative remedies as it appealed the Defendant's September 22, 2020 response to Plaintiff's FOIA request on December 1, 2020.  The appeal remains pending as of the date of this Complaint, exceeding the applicable time limit provisions of FOIA, 5 U.S.C. § 552(a)(6)(A)(ii).  Accordingly, Plaintiff is deemed to have exhausted administrative remedies.  5 U.S.C. § 552(a)(6)(C)(i).

COMPLAINT – Page 2
Case No.: 2:21-cv-00452

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

## II.     FACTUAL ALLEGATIONS

2.1     In a 2017 annual report, NOAA and NMFS acknowledged that, for three years including 2016, the North Pacific Observer Program failed to obtain a random sample of partial-coverage trawl deliveries due to "tendering activity."

2.2     Tendering activity is a means by which trawlers deliver to a "tender," rather than dockside, thereby avoiding participation in the observer program.

2.3     On May 22, 2018, DSFU sought agency records from Defendants related to the North Pacific Observer Program, the effectiveness of that program in reducing bycatch, the results of dockside monitoring, and communications relating to trawlers delivering to tenders.  A complete copy of this FOIA request (DOC-NOAA-2018-001427) is attached as Exhibit A.

2.4     On May 29, 2020, the agency Defendants fully redacted eleven documents.

2.5     On September 22, 2020, the agency Defendants fully redacted thirteen additional documents.

2.6     The twenty-four fully redacted documents are entirely blacked out, so it is impossible to identify the subject, sender, recipient(s), dates or any attachments, and Defendants have failed and refused to provide a log for all redacted documents so that Plaintiff can assess the propriety of the asserted exemptions.

2.7     On October 8, 2020, Plaintiff requested that the Defendant agencies provide a complete log for all redacted documents.

2.8     On October 16, 2020, the agency purported to provide an index of the fully redacted documents from the final release.

COMPLAINT – Page 3
Case No.: 2:21-cv-00452

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

2.9 The October 16, 2020 response is deficient because it only covers the thirteen redacted documents from September 22, 2020 and not the eleven redacted documents from May 29, 2020.

2.10 In addition, the October 16, 2020 response is deficient because all of the fields in the index other than the file name are blank. The Defendant agencies have failed to provide a meaningful exemption log.

2.11 These deficiencies were pointed out in Plaintiff's December 1, 2020 appeal.

2.12 Defendants have not responded to this aspect of Plaintiff's December 1, 2020 appeal.

2.13 From the limited information provided in the "file name" field, no exemption was articulated, the exemption was not articulated with adequate specificity, the exemption asserted does not apply because the criteria for exemption are not met, and/or the circumstances establish an exception to the general basis for exemption.

2.14 In addition, the documents produced by the agency Defendants contain no text messages at all.

2.15 Defendant agencies acknowledge that text messages should be included in the document production.

2.16 In response to Plaintiff's October 8, 2020 inquiry regarding the absence of text messages, Defendant's FOIA Coordinator Sonja Kromann, responded as follows: "The documents I reviewed and worked with did not include any text messages. Text messages are documents and should have been included in responsive materials identified by the Subject Matter Experts, if there were any."

COMPLAINT – Page 4
Case No.: 2:21-cv-00452

x

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA 98370
Office (206) 488-8344

2.17   This response stops short of confirming that the "Subject Matter Experts" reviewed text messages for responsive materials.

2.18   Accordingly, Plaintiff asked Ms. Kromann to verify that text messages were searched.

2.19   Defendants have not responded to this request for verification.

2.20   This issue was raised in Plaintiff's appeal of December 1, 2020.

2.21   Defendants have not responded to this aspect of Plaintiff's December 1, 2020 appeal.

### III.   FIRST CAUSE OF ACTION
**Failure to Search for and Improper Withholding of Agency Records**
**5 U.S.C. § 552(a)(3)(A), 552(a)(3)(C) and 552(a)(4)(B)**

3.1   Plaintiff realleges paragraphs 1.1 through 2.21 as though fully set forth herein.

3.2   Defendants have failed to make reasonable efforts to search for responsive agency records.

3.3   Defendants have improperly withheld responsive agency records.

3.4   Defendants' actions and omissions constitute violations of 5 U.S.C. § 552(a)(3)(A), 552(a)(3)(C) and 552(a)(4)(B).

3.5   As a result of Defendants' violations, Plaintiffs are entitled to declaratory relief and an order requiring Defendants to search for and produce the requested records, including without limitation, text messages, social media messages, voice mails and other documents responsive to Plaintiff's FOIA request.

COMPLAINT – Page 5
Case No.: 2:21-cv-00452

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

## IV. SECOND CAUSE OF ACTION
### Improper Redaction
### 5 U.S.C. § 552(a)(4)(B), 16 U.S.C. § 1852(i)(2)(F)

4.1     Plaintiff realleges paragraphs 1.1 through 3.5 as though fully set forth herein.

4.2     Defendants have improperly redacted agency documents without proper basis.

4.3     Defendants' improper redactions constitute violations of 5 U.S.C. § 552(a)(3)(A), and 552(a)(4)(B).

4.4     As a result of Defendants' violations, Plaintiffs are entitled to declaratory relief and an order requiring Defendants to provide unredacted versions of the improperly redacted agency records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter an order granting the following relief:

1.     For a judicial declaration that Defendants have violated FOIA by failing to search for, improperly withholding, and improperly redacting agency records requested by DSFU;

2.     For an order compelling Defendants to search for and produce the agency records requested by DSFU that have not yet been produced;

3.     For an order compelling Defendants to produce the twenty-four fully redacted documents without redaction;

4.     For an award of DSFU's reasonable attorney's fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) and any other applicable authority; and

COMPLAINT – Page 6
Case No.: 2:21-cv-00452

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

5. For such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 5th day of April, 2021.

        VANGUARD LAW, LLC

By: */s/ Spencer Nathan Thal*
Spencer Nathan Thal, WSBA # 20074
Vanguard Law, LLC
PO Box 939
Poulsbo WA  98370
Phone:  (206) 488-8344
spencer@vanguardlawfirm.com
*Attorneys for Plaintiff*

VANGUARD LAW, LLC

By: */s Zachariah Nathan William Thal*
Zachariah Nathan William Thal, WSBA # 55462
Vanguard Law, LLC
PO Box 939
Poulsbo WA  98370
Phone:  (206) 488-8344
zach@vanguardlawfirm.com
*Attorneys for Plaintiff*

COMPLAINT – Page 7
Case No.: 2:21-cv-00452

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344