THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEEP SEA FISHERMEN'S UNION OF THE PACIFIC,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE, *et al.*,<br><br>　　　　　　　　Defendants. | CASE NO. C21-0452-JCC<br><br>ORDER |

　　　　This matter comes before the Court on Defendants' motion for a protective order (Dkt. No. 38). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

　　　　The Court has previously stated the underlying facts of this case in a prior order (*see* Dkt. No. 33) and will not repeat them in detail here. In short, Plaintiff submitted a Freedom of Information Act ("FOIA") request seeking North Pacific Observer Program records. (Dkt. Nos. 4 at 3, 9–11; 21 at 2.) Following the Court's prior order denying Plaintiff's motion to compel and granting in part and denying in part Defendants' motion for summary judgment (Dkt. No. 33), the parties continue to dispute the adequacy of Defendants' records search and production. In the instant motion, Defendants move for a protective order preventing Plaintiff from deposing Glenn Merrill. (Dkt. No. 38 at 1–2.)

As a general rule, FOIA determinations are resolved on summary judgment. *See Nat'l Wildlife Fed'n v. U.S. Forest Service*, 861 F.2d 1114 (9th Cir. 1988). And discovery supporting summary judgment is rarely needed, since "the underlying case revolves around the propriety of revealing certain documents." *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008). When it is necessary, courts often limit its scope to agency affidavits and/or declarations addressing (1) the adequacy of the agency's search and (2) the suitability of the agency's claimed exemptions. *Withey v. Fed. Bureau of Investigation*, 2020 WL 885974, slip op. at 1 (W.D. Wash. 2020). So long as those declarations and affidavits are "made in good faith and provide specific detail about the methods used to produce the information," no additional discovery is required. *Lawyers' Comm. for C.R. of San Francisco Bay Area v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008) (citations omitted).

Defendants already provided the Court with declarations addressing their search methods. (*See* Dkt. Nos. 20–23.) Plaintiff argues further discovery is necessary, though, because Mr. Merrill's use of his personal communication devices, his adherence to Defendants' document preservation policy, and his knowledge regarding Defendants' erasure of Government-issued cell phone data remain at issue. (Dkt. No. 41 at 1–2.) They thus seek to depose him on those topics. (*See* Dkt. Nos. 39 at 2, 39-1 at 2.)

But Mr. Merrill already provided the Court with a declaration indicating that he (1) did not have a Government-issued cell phone, (2) does not recall sending work-related text messages on his personal cell phone during the time period Plaintiff requested, and (3) followed Defendants' document preservation policy to the best of his knowledge. (Dkt. No. 22 at 2–3.) Plaintiff has not provided *any* evidence that Mr. Merrill's declaration was made in bad faith, other than mere speculation. (*See* Dkt. No. 41 at 4–5.)[1] Nor has Plaintiff established how or why

---

[1] Agency declarations are presumed to be made in good faith. *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982). This "cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Id.*

ORDER
C21-0452-JCC
PAGE - 2

Mr. Merrill would know anything about Defendants' erasure of data from Government-issued cell phones, or how deposing him could lead to information on the topic.

Therefore, Plaintiff fails to establish that further discovery, including Mr. Merrill's deposition, is required before the Court can consider Defendants' anticipated summary judgment motion. (*See* Dkt. No. 38 at 2 (indicating an intent to file a renewed summary judgment motion).) Accordingly, the Court GRANTS Defendants' motion for protective order (Dkt. No. 38).

DATED this 1st day of August 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE