THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEEP SEA FISHERMEN'S UNION OF THE PACIFIC,<br><br>          Plaintiff,<br>     v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE, *et al.*,<br><br>          Defendants. | CASE NO. C21-0452-JCC<br><br>ORDER |

This matter comes before the Court on the parties' cross-motions for summary judgment[1] (Dkt. Nos. 46, 58). Having thoroughly considered the briefing and the relevant record, and finding oral argument unnecessary,[2] the Court GRANTS Defendants' motion (Dkt. No. 46) and DENIES Plaintiff's motion (Dkt. No. 58) for the reasons explained below.

In its prior order, the Court described the facts of this Freedom of Information Act ("FOIA") case and the applicable legal standards. (*See generally* Dkt. No. 33.) It will not repeat

---

[1] Defendants contend that Plaintiff's motion is procedurally barred, given its timing, in light of the Court's case management order. (*See* Dkt. No. 62 at 6–7.) But counsel's health issues, (*see* Dkt. No. 63 at 5), represent extenuating circumstances and provide good cause for the Court to consider Plaintiff's motion. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). On this basis, the Court chooses to do so.

[2] Neither party requested oral argument pursuant to LCR 7(b)(4). (*See generally* Dkt. Nos. 46, 58, 58-1, 62.)

ORDER
C21-0452-JCC
PAGE - 1

1  that information here. In the order, the Court partially granted judgment to Defendants. (*Id.* at 8.)
2  In so doing, the Court narrowed the remaining genuine issues of fact in this case, which
3  challenges the adequacy of Defendants' search in response to Plaintiff's FOIA request, to the
4  following: whether agency employees' personal devices, which were not searched, contained
5  responsive records *prior to* September 20, 2017; whether agency cell phones, replaced and
6  erased in October 2019, before being searched, contained responsive records; and whether
7  Defendants adequately searched all other locations likely to contain responsive records. (*See* Dkt.
8  No. 33 at 6–8.) Defendants now present sufficient evidence on each issue to support summary
9  judgment in their favor.

      1. <u>Personal Devices and Agency Cell Phones</u>

11     Defendants supported their prior motion with unrebutted evidence that it had a written
12 document retention policy in place from at least September 20, 2017 mandating ephemeral work-
13 related communications, *i.e.*, those made through personal devices and agency cell phones, be
14 forwarded to the employees' agency e-mail. (*See id.* at 6.) This would be Defendants' primary
15 means of record retention for such communications. (*Id.*) Based on this, the Court found it
16 reasonably likely that Defendants would capture any communications responsive to Plaintiff's
17 FOIA request through a later search of their e-mail accounts.[3] (*Id.*) For this reason, the Court
18 granted summary judgment to Defendants, at least for communications made or received on
19 personal devices beginning on or after September 20, 2017. (*Id.*)

20     Defendants now contend that a comparable written policy was, indeed, in effect *prior to*
21 this date.[4] (*See* Dkt. Nos. 48 at 2–6, 61 at 2–3.) This is supported by declarations and copies of

---

[3] While the Court found Defendants' evidence of adherence to the policy "not particularly strong," courts often assume agency employees follow such policies, absent the presentation of contrary evidence. (Dkt. No. 33 at 6, *see id.* (citing *Freedom Competitive Enter. Inst. v. Off. of Sci. and Tech. Policy*, 241 F. Supp. 3d 14, 21–22 (D.D.C. 2017)).) And Plaintiff provided no such evidence. (*See id.*)

[4] Defendants contend that the September 2017 policy dissemination referenced in their prior summary judgment motion represented no more than an elaboration of existing policy. (*See* Dkt.

ORDER
C21-0452-JCC
PAGE - 2

this policy, along with links to online versions. (*See id.* (citing Dkt. No. 48-2, 48-1, 48-3).) It is further supported by evidence that the policy was broadly disseminated, that employees were trained on it, and that they generally complied with it. (*See id.* at 4–6 (citing Dkt. No. 48-4, 48-5, 48-6, 48-7, 48-8).)

Plaintiff speculates as to which personnel received this training and how closely they actually complied with it, and suggests that only through "rigorous cross-examination at trial" could this be assessed. (*See* Dkt. No. 58-1 at 7.) This appears to be a strength of the evidence argument, which is not appropriate for summary judgment. *See, e.g.*, *adidas-Am., Inc. v. Payless Shoesource, Inc.*, 546 F. Supp. 2d 1029, 1086 (D. Or. 2008); *see also City of Pomona v. SQM N.A. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014) (such an argument must be made to the finder of fact—not a court).

As Plaintiff's counsel is certainly aware, the Court must grant summary judgment to a moving party who presents unrebutted evidence for which it carries the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Therefore, Plaintiff must present sufficient non-speculative evidence such that a reasonable finder of fact could potentially find in its favor. *See Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). Yet Plaintiff provides no such evidence. (*See generally* Dkt. Nos. 58, 58-1, 63.) And without it, there can be no trial on the issue, and no opportunity for the cross-examination Plaintiff seeks.

In cross-moving for partial summary judgment, Plaintiff posits that the agency's October 2019 cell phone replacement was a *de-facto* FOIA violation, because it post-dated Plaintiff's FOIA request. (*See* Dkt. No. 58 at 3–5.) But this does not hold water. As described above, Defendants present uncontroverted evidence that responsive communications made or received before this date, if any, would have been captured through Defendants' document retention

---

No. 46 at 5 (citing Dkt. No. 23 at 1–2).) They did not discuss this policy in earlier briefing, as they did not believe it to be the subject of Plaintiff's challenge. (*See id.*)

ORDER
C21-0452-JCC
PAGE - 3

policy. And, as described below, Defendants present undisputed evidence of the adequacy of their search of the e-mail accounts to which any messages would have been forwarded.

2. Search of Other Locations

The adequacy of Defendants' search of non-device locations, such as e-mail archives, is the remaining issue for the Court's consideration. Unlike the last time, (*see* Dkt. No. 33 at 7 (describing the evidence Defendants presented as a "one-paragraph description of their search process")), Defendants support their motion with a declaration containing more than 70 paragraphs describing the search process Defendants employed to respond to Plaintiff's FOIA request. (*See* Dkt. Nos. 47 at 3–14.) This is more than adequate to support summary judgment on this issue, particularly in light of Plaintiff's failure to meaningfully contest it. (*See generally* Dkt. No. 58); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (once moving party supports its motion, opposing party must put specific facts showing a genuine issue for trial).

For the foregoing reasons, Plaintiff's motion for partial summary judgment (Dkt. No. 58) is DENIED and Defendants' motion for summary judgment (Dkt. No. 46) is GRANTED. This fully disposes of the remaining issues in this case. Therefore, Plaintiff's complaint is DISMISSED with prejudice.

DATED this 31st day of March 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE